**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4085**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TOBY MAURICE BELL,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:06-cr-00059-RLV-DCK-1)

Submitted: February 25, 2009    Decided: March 19, 2009

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a conditional guilty plea, Toby Maurice Bell was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006), and was sentenced to 70 months in prison. On appeal, Bell argues that the district court erred in denying his motion to suppress evidence secured as a result of a warrantless search of the vehicle he was driving. Finding no error, we affirm.

This court reviews the factual findings underlying the denial of a motion to suppress for clear error, and the legal conclusions de novo. United States v. Branch, 537 F.3d 328, 337 (4th Cir. 2008), cert. denied, __ S. Ct. __, 2009 WL 56500 (U.S. Jan. 12, 2009). The evidence is construed in the light most favorable to the Government, the prevailing party below. United States v. Uzenski, 434 F.3d 690, 704 (4th Cir. 2006).

The Supreme Court has defined the test for probable cause as "whether, given all the circumstances, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). When police rely on an anonymous tip to provide probable cause for a search, the tip must be assessed under the totality of the circumstances. Alabama v. White, 496 U.S. 325, 328 (1990). Bell contends that the anonymous tip relied on in this case had no indicia of reliability, and therefore, the

2

officers lacked probable cause to conduct the warrantless search. He argues that the only corroboration of the tip involved the detectives' observation of Bell engaging in entirely innocent behavior.

Bell argues that this case is controlled by the Supreme Court's holding in Florida v. J.L., 529 U.S. 266 (2000). In J.L., officers frisked a man based solely on an anonymous tip that a young man wearing a plaid shirt and standing at a particular bus stop had a gun. J.L., 529 U.S. at 268-69. The Court rejected reliance on the tip because it contained "no predictive information" that the police could use to corroborate "the informant's knowledge or credibility." Id. at 271. We have held that corroboration of "predictive information is [not] the only way to assess the reliability of an anonymous tip." United States v. Perkins, 363 F.3d 317, 324-25 (4th Cir. 2004). Where an officer has objective reasons to believe such a tip has indicia of reliability, the officer can act on the tip to investigate further "even without the presence of predictive information." Id.

We conclude that, under the totality of the circumstances, probable cause existed to support the warrantless search. Police had confirmation of many details of the anonymous tip reporting the presence of cocaine in the car driven by Bell. Further corroboration was provided by the

3

officers' knowledge of prior drug trafficking by Bell and others named by the anonymous caller, with specific reference to drug trafficking by these parties between Statesville, North Carolina, and Dublin, Georgia. Bell's inaccurate response about ownership of the vehicle and an alert by a trained drug dog in the area near Bell's car also were properly considered. We therefore conclude the district court did not err in refusing to suppress the evidence obtained during the search of the car or Bell's subsequent statement.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED